IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HAYWARD M. EVANS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 21-903-LPS |
| | : |
| DELAWARE DEPARTMENT OF | : |
| JUSTICE, et al., | : |
| | : |
| Defendants. | : |

Hayward M. Evans, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 13, 2022
Wilmington, Delaware

*/s/ Leonard P. Stark*

**STARK, U.S. Circuit Judge:**

## I. INTRODUCTION

Plaintiff Hayward M. Evans ("Plaintiff"), an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff alleges that on November 15, 2001, when he was a 14-year-old, he was wrongfully arrested for murder, a crime he did not commit; that the trial began when he was 16; and that Defendants Delaware State Police and Delaware Department of Justice had evidence that he was not the killer. (D.I. 1 at 3, 5) The evidence consisted of audio recordings of Dania Cannon ("Cannon") explaining that Plaintiff was not the shooter. (*Id.* at 4) Cannon was scheduled to testify at Plaintiff's criminal trial but failed to appear. (*Id.*) In 2019, Cannon signed an affidavit that provided evidence about the killing. (*Id.*)

Plaintiff alleges that was wrongfully convicted. He seeks compensatory and punitive damages as well as immediate release from prison. (*Id.* at 5, 20)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

*pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (citing *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550

2

U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff's claims fail for several reasons. First, the claims are time-barred. Plaintiff filed his Complaint on April 13, 2021.[2] For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions, *Wilson v. Garcia*, 471 U.S. 261, 275 (1985), and in Delaware,

---

[2] The Court construes the filing date as the date Plaintiff signed the Complaint.

3

§ 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). "Although the statute of limitations is an affirmative defense, sua sponte dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Here, Plaintiff complains of acts occurring prior to April 13, 2019. For example, he refers to November 15, 2001 as the date that gives rise to his claims and to December 2006, when court rulings were entered. It is evident from the face of the Complaint that all claims that accrued prior to April 13, 2019 are barred by the two year limitations period.

Second, all Defendants are immune from suit under the Eleventh Amendment. The State has immunity under the Eleventh Amendment, as does the Delaware Department of Justice, the Delaware Department of Correction, and the Delaware Department of State Police. *See Anderson v. Phelps*, 830 F. App'x 397, 398 (3d Cir. 2020) (citing *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018)); *Alston v. Administrative Offices of Delaware Courts*, 178 F. Supp. 3d 222, 229 (D. Del.), *aff'd*, 663 F. App'x 105 (3d Cir. 2016).

The Eleventh Amendment protects states and their agencies from suit in federal court regardless of the kind of relief sought. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through

4

the enactment of 42 U.S.C. § 1983. *See Jones v. Sussex Corr. Inst.*, 725 F. App'x 157, 159-160 (3d Cir. 2017)); *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because the State Defendants are not persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

Third, Plaintiff seeks release from prison. To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. 2011). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. "A state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff has not alleged or proven that his conviction or sentence were reversed or invalidated, as required by *Heck*. To the extent Plaintiff seeks damages for his current incarceration,

5

his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326.

Plaintiff's claims are time-barred, raised against Defendants who are immune from suit, and frivolous. The Complaint will be dismissed. The Court finds amendment futile.

## V.      CONCLUSION

For the above reasons, the Court will dismiss the Complaint as time-barred, based upon Defendants' immunity from suit, and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). The Court finds amendment futile.

An appropriate Order will be entered.